

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 1:12-cr-144-01-PB |
| | ) | |
| HIEU MINH NGO | ) | |

### Attachment A to Acknowledgement and Waiver of Rights

The Statutes and Elements of the Offenses

**Count One—Wire Fraud**; Title 18, United States Code, Section 1343 provides, in pertinent part:

> § 1343. Fraud by wire, radio, or television.
>
> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. ... .

18 U.S.C. §1343.

The defendant understands that the offense of wire fraud has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

First, that there was a scheme, substantially as charged in the Information, to defraud or to obtain money or property by means of false or fraudulent pretenses;

Second, that the scheme to defraud involved the misrepresentation or concealment of a material fact or matter, or the scheme to obtain money or property by means of false or fraudulent pretenses involved a false statement, assertion, half-truth or knowing concealment concerning a material fact or matter;

1

Third, that Hieu Minh Ngo, knowingly and willfully participated in this scheme with the intent to defraud; and

Fourth, that for the purpose of executing the scheme, or in furtherance of the scheme, Hieu Minh Ngo caused an interstate or foreign wire communication to be used, or it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, an interstate or foreign wire communication would be used, on or about the date or dates alleged in the Information.

Hornby, First Circuit Pattern Instructions, 4.18.1343, Updated 2/1/13.

**Count Two—Identity Fraud**; Title 18, United States Code, Section 1028(a)(7) provides, in pertinent part:

§ 1028. Fraud and related activity in connection with identification documents, authentication features, and information

(a) Whoever, in a circumstance described in subsection (c) of this section--

. . .

(7) knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law; or

. . .

shall be punished as provided in subsection (b) of this section.

The defendant understands that the offense of Identity Fraud has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

First, that Hieu Minh Ngo acted knowingly;

Second, that Hieu Minh Ngo transferred, possessed, or used, without lawful authority, a means of identification of another;

2

Third, that he did so with the intent to commit, or aid and abet, or in connection with, other unlawful activity.

18 U.S.C. §1028(a)(7).

**Count Three—Access Device Fraud**; Title 18, United States Code, Section 1029(a)(2) provides, in pertinent part:

> § 1029. Fraud and related activity in connection with access devices
>
> (a) Whoever—
>
> . . .
>
> (2) knowingly and with intent to defraud traffics in or uses one or more unauthorized access devices during any one-year period, and by such conduct obtains anything of value aggregating $1,000 or more during that period;
>
> . . .
>
> shall, if the offense affects interstate or foreign commerce, be punished as provided in subsection (c) of this section.

Using or Trafficking in Unauthorized Access Devices (18 U.S.C. §1029(a)(2)), has the following elements:

First, that Hieu Minh Ngo used, or trafficked in, access devices, including, but not limited to, payment card numbers, bank account numbers and bank routing numbers, and other associated data ;

Second, that Hieu Minh Ngo used and trafficked in them without authorization and thereby obtained something of value aggregating at least $1,000 during a one-year period within the time frame set forth in the Information;

Third, that Hieu Minh Ngo acted knowingly, willfully, and with the intent to defraud;

Fourth, that Hieu Minh Ngo's conduct affected interstate or foreign commerce.

Hornby, First Circuit Pattern Instructions, 4.18.1029, Updated 4/15/11.

Penalties, Special Assessment and Restitution

The defendant understands that the penalties for the offense are:

A. A maximum prison term of twenty (20) years on Count One, fifteen (15) years on Count Two and ten (10) years on Count Three;

B. A maximum fine of $250,000 on each of the three counts for a maximum fine of $750,000 (18 U.S.C. §3571) or in the alternative, if any person derives pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss (18 U.S.C. §3571(b)(3)&(d)); and

C. A term of supervised release of not more than three (3) years on each of the four counts. The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release (18 U.S.C. §3583).