# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:12-cr-144-01-PB |
| | ) | No. 1:14-cr-081-01-PB |
| HIEU MINH NGO | ) | |

## GOVERNMENT'S ASSENT TO MOTION TO CONTINUE SENTENCING

The defendant has filed a motion to continue the sentencing hearing from March 16, 2015 to a date in June, 2015. The government assents, and represents to the Court that the Probation Department also assents.

In addition, the government submits the following:

This case involves a major data breach, qualitatively different from all significant data breach cases that have been prosecuted to date, including US v Oprea, a/k/a Subway, which was prosecuted in this Court and resulted in a 15 year prison sentence. To date, major data breach cases have involved, primarily, the theft of credit card account numbers and some related information. Although significant, in the typical data breach case, once the breach is discovered the credit card account numbers are identified and the issuing banks take action to close those accounts and issue the account holders new cards. From that point forward, the credit account numbers are virtually useless and future monetary losses are minimized.

However, in this case, Mr. Ngo possessed over 176,000 "Fullz" that contained Personal Identifying Information (PII), thousands of which he sold, and he also managed a criminal website through which he allowed his more than 1,300 criminal customers around the globe to access a database in the United States that contained PII of approximately 200 million US

Citizens. The PII that Mr. Ngo sold included, in most cases, US Citizens' names, dates of birth, addresses and Social Security Numbers; everything an identity thief needs to engage in fraud, including bank fraud and stolen identity tax refund fraud (SIRF).

What sets this case apart from the mine run of data breach cases is that the data breached, names, DOBs, & SSNs, unlike credit card account numbers, cannot simply be closed with new ones issued. Nor, as in the typical data breach case, is the stolen information volatile; unlike a credit card account, which has a short life span during which it can be used for fraud because ultimately it is found out and closed, the identity thief who possess a US Citizen's SSN, DOB, name & address can use it for fraud wherever, and more importantly whenever (possibly years after the PII has been compromised) the opportunity arises. And, it can be used more than once because names, DOBs, addresses and SSNs are not closed or cancelled, with new ones re-issued.

Unfortunately, this type of PII data breach is becoming, understandably, more popular with identity thieves. Mr. Ngo is the first of this new age identity thief to be fully investigated (by the United States Secret Service) and brought to justice in a United States Courtroom. Consequently, the government will urge the Court to impose a significant sentence, for all of the reasons set forth in 18 U.S.C. §3553(a), but particularly to punish his criminal conduct and to deter others around the globe from engaging in similar criminal behavior.

After a careful analysis of the applicable United States Sentencing Guidelines, it appears that the appropriate advisory Sentencing Guideline imprisonment range for Mr. Ngo is 360 months to life, which, because Mr. Ngo's statutory maximum prison sentence is 540 months, is reduced to 360 to 540 months.

One of the reasons defense counsel has sought the continuance is to allow for the possibility of cooperation by Mr. Ngo. The government agrees that such a continuance is appropriate for that reason, especially taking into account the potential magnitude of Mr. Ngo's sentence. Although it is always in the best interest of the public to resolve cases as quickly as possible, in this case a continuance is in the best interests of the defendant and the government, and, for the reasons set out above, the government submits it is in the best interest of the public.

WHEREFORE the government assents to the defendant's Motion and requests that it be granted.

John P. Kacavas
United States Attorney

March 9, 2015

By: /s/ Arnold H. Huftalen
Arnold H. Huftalen
Assistant U.S. Attorney
Bar Association # 1215
53 Pleasant St., 4th Floor
Concord, NH 03301
arnold.huftalen@usdoj.gov
(603) 225-1552

Certificate of Service

I certify that a copy of this Assent has been served upon the defendant, through counsel, via ECF Filing Notice today, March 9, 2015.

By: /s/ Arnold H. Huftalen
Arnold H. Huftalen
Assistant U.S. Attorney