

# Amendments to the Sentencing Guidelines

# April 30, 2015

This compilation contains unofficial text of amendments to the sentencing guidelines, policy statements, and commentary submitted to Congress, and is provided only for the convenience of the user. Official text of the amendments can be found on the Commission's website at www.ussc.gov and will appear in a forthcoming edition of the Federal Register.

TABLE OF CONTENTS

**AMENDMENT**                                                                              **PAGE NO.**

1. JOINTLY UNDERTAKEN CRIMINAL ACTIVITY. .................................... 1

2. INFLATIONARY ADJUSTMENTS................................................. 12

3. ECONOMIC CRIME................................................................ 24

4. HYDROCODONE. ................................................................ 35

5. MITIGATING ROLE................................................................ 45

6. "SINGLE SENTENCE" RULE...................................................... 50

7. TECHNICAL AMENDMENT. ..................................................... 61

The United States Sentencing Commission is an independent agency in the judicial branch of the United States Government. The Commission promulgates sentencing guidelines and policy statements for federal sentencing courts pursuant to 28 U.S.C. § 994(a). The Commission also periodically reviews and revises previously promulgated guidelines pursuant to 28 U.S.C. § 994(o) and generally submits guideline amendments to Congress pursuant to 28 U.S.C. § 994(p) not later than the first day of May each year. Absent action of Congress to the contrary, submitted amendments become effective by operation of law on the date specified by the Commission (generally November 1 of the year in which the amendments are submitted to Congress).

The Commission specified an effective date of **November 1, 2015**, for the amendments listed above and included in this compilation.

2.   **INFLATIONARY ADJUSTMENTS**

**Reason for Amendment:**  *This amendment makes adjustments to the monetary tables in §§2B1.1 (Theft, Property, Destruction, and Fraud), 2B2.1 (Burglary), 2B3.1 (Robbery), 2R1.1 (Bid-Rigging, Price-Fixing or Market-Allocation Agreements Among Competitors), 2T4.1 (Tax Table), 5E1.2 (Fines for Individual Defendants), and 8C2.4 (Base Fine) to account for inflation. The amendment adjusts the amounts in each of the seven monetary tables using a specific multiplier derived from the Consumer Price Index (CPI), and then rounds—*

- *amounts greater than $100,000,000 to the nearest multiple of $50,000,000;*
- *amounts greater than $10,000,000 to the nearest multiple of $5,000,000;*
- *amounts greater than $1,000,000 to the nearest multiple of $500,000;*
- *amounts greater than $100,000 to the nearest multiple of $50,000;*
- *amounts greater than $10,000 to the nearest multiple of $5,000;*
- *amounts greater than $1,000 to the nearest multiple of $500; and*
- *amounts of $1,000 or less to the nearest multiple of $50.*

*In addition, the amendment includes conforming changes to other Chapter Two guidelines that refer to the monetary tables.*

*Congress has generally mandated that agencies in the executive branch adjust the civil monetary penalties they impose to account for inflation using the CPI.  See 28 U.S.C. § 2461 note (Federal Civil Penalties Inflationary Adjustment Act of 1990).  Although the Commission's work does not involve civil monetary penalties, it does establish appropriate criminal sentences for categories of offenses and offenders, including appropriate amounts for criminal fines.  While some of the monetary values in the Chapter Two guidelines have been revised since they were originally established in 1987, none of the tables has been specifically revised to account for inflation.*

*Due to inflationary changes, there has been a gradual decrease in the value of the dollar over time.  As a result, monetary losses in current offenses reflect, to some degree, a lower degree of harm and culpability than did equivalent amounts when the monetary tables were established or last substantively amended.  Similarly, the fine levels recommended by the guidelines are lower in value than when they were last adjusted, and therefore, do not have the same sentencing impact as a similar fine in the past.  Based on its analysis and widespread support for inflationary adjustments expressed in public comment, the Commission concluded that aligning the above monetary tables with modern dollar values is an appropriate step at this time.*

*The amendment adjusts each table based on inflationary changes since the year each monetary table was last substantively amended:*

- *Loss table in §2B1.1 and tax table in §2T4.1:  adjusting for inflation from 2001 ($1.00 in 2001 = $1.34 in 2014);*
- *Loss tables in §§2B2.1 and 2B3.1 and fine table for individual defendants at §5E1.2(c)(3):  adjusting for inflation from 1989 ($1.00 in 1989 = $1.91 in 2014);*
- *Volume of Commerce table in §2R1.1:  adjusting for inflation from 2005 ($1.00 in 2005 = $1.22 in 2014); and*
- *Fine table for organizational defendants at §8C2.4(d):  adjusting for inflation from 1991*

12

*($1.00 in 1991 = $1.74 in 2014).*

*Adjusting from the last substantive amendment year appropriately accounts for the Commission's previous work in revising these tables at various times. Although not specifically focused on inflationary issues, previous Commissions engaged in careful examination (and at times, a wholesale rewriting) of the monetary tables and ultimately included monetary and enhancement levels that it considered appropriate at that time. The Commission estimates that this amendment would result in the Bureau of Prisons having approximately 224 additional prison beds available at the end of the first year after implementation, and approximately 956 additional prison beds available at the end of its fifth year of implementation.*

*Finally, the amendment adds a special instruction to both §§5E1.2 and 8C2.4 providing that, for offenses committed prior to November 1, 2015, the court shall use the fine provisions that were in effect on November 1, 2014, rather than the fine provisions as amended for inflation. This addition responds to concerns expressed in public comment that changes to the fine tables might create <u>ex post facto</u> problems. It ensures that an offender whose offense level is calculated under the current <u>Guidelines Manual</u> is not subject to the inflated fine provisions if his or her offense was committed prior to November 1, 2015. Such guidance is similar to that provided in the commentary to §5E1.3 (Special Assessment) relating to the amount of the special assessment to be imposed in a given case.*

**Amendment:**

**§2B1.1.** <u>**Larceny, Embezzlement, and Other Forms of Theft; Offenses Involving Stolen Property; Property Damage or Destruction; Fraud and Deceit; Forgery; Offenses Involving Altered or Counterfeit Instruments Other than Counterfeit Bearer Obligations of the United States**</u>

\* \* \*

(b) Specific Offense Characteristics

(1) If the loss exceeded $~~$5,000~~$6,500, increase the offense level as follows:

| *[Multiplier Comparison to Current Table]* | | <u>Loss (Apply the Greatest)</u> | <u>Increase in Level</u> |
|---|---|---|---|
| *[1.30]* | (A) | $~~$5,000~~$6,500 or less | no increase |
| *[1.30]* | (B) | More than $~~$5,000~~$6,500 | add **2** |
| *[1.50]* | (C) | More than $~~$10,000~~$15,000 | add **4** |
| *[1.33]* | (D) | More than $~~$30,000~~$40,000 | add **6** |
| *[1.36]* | (E) | More than $~~$70,000~~$95,000 | add **8** |
| *[1.25]* | (F) | More than $~~$120,000~~$150,000 | add **10** |
| *[1.25]* | (G) | More than $~~$200,000~~$250,000 | add **12** |
| *[1.38]* | (H) | More than $~~$400,000~~$550,000 | add **14** |
| *[1.50]* | (I) | More than $~~$1,000,000~~$1,500,000 | add **16** |
| *[1.40]* | (J) | More than $~~$2,500,000~~$3,500,000 | add **18** |
| *[1.36]* | (K) | More than $~~$7,000,000~~$9,500,000 | add **20** |
| *[1.25]* | (L) | More than $~~$20,000,000~~$25,000,000 | add **22** |

13

| | | | | |
|---|---|---|---|---|
| *[1.30]* | (M) | More than ~~$50,000,000~~$65,000,000 | add **24** |
| *[1.50]* | (N) | More than ~~$100,000,000~~$150,000,000 | add **26** |
| *[1.25]* | (O) | More than ~~$200,000,000~~$250,000,000 | add **28** |
| *[1.38]* | (P) | More than ~~$400,000,000~~$550,000,000 | add **30**. |

\* \* \*

**§2B1.4.**      **Insider Trading**

\* \* \*

    (b)    Specific Offense Characteristics

            (1)    If the gain resulting from the offense exceeded ~~$5,000~~$6,500, increase by the number of levels from the table in §2B1.1 (Theft, Property Destruction, and Fraud) corresponding to that amount.

\* \* \*

**§2B1.5.**      **Theft of, Damage to, or Destruction of, Cultural Heritage Resources or Paleontological Resources; Unlawful Sale, Purchase, Exchange, Transportation, or Receipt of Cultural Heritage Resources or Paleontological Resources**

\* \* \*

    (b)    Specific Offense Characteristics

            (1)    If the value of the cultural heritage resource or paleontological resource (A) exceeded ~~$2,000~~$2,500 but did not exceed ~~$5,000~~$6,500, increase by **1** level; or (B) exceeded ~~$5,000~~$6,500, increase by the number of levels from the table in §2B1.1 (Theft, Property Destruction, and Fraud) corresponding to that amount.

\* \* \*

**§2B2.1.**      **Burglary of a Residence or a Structure Other than a Residence**

\* \* \*

    (b)    Specific Offense Characteristics

\* \* \*

            (2)    If the loss exceeded ~~$2,500~~$5,000, increase the offense level as follows:

*[Multiplier Comparison to Current Table]*          Loss (Apply the Greatest)          Increase in Level

14