# US District Court Criminal Docket

U.S. District - California Northern

(San Francisco)

## 3:13cr820

## USA v. Huang

This case was retrieved from the court on Thursday, February 26, 2015

Date Filed: **12/20/2013**       Class Code: **CLOSED**
Other Docket: **None**            Closed: **yes**

## Defendants

| **Name** | **Attorneys** |
|---|---|
| Brandon Huang(1) <br>   aka: "Jimmycow" <br> [Term: 06/10/2014] | Ginny Harjot Kaur Walia <br> LEAD ATTORNEY;ATTORNEY TO BE NOTICED <br> Ginny Walia Law Offices <br> 710 152 N 3rd Street <br> San Jose, CA 95112 <br> USA <br> 408-724-9200 <br> Fax: 408-724-9202 <br> Designation: Retained <br> Email: ginny@walialawfirm.com |

| **Charges** | **Disposition** |
|---|---|

Complaints:  none

Pending:  18:1029(a)(3) - Possession of Unauthorized
Access Devices(1)

3 yrs probation, with conditions, $1000 fine, $200 special
assessment

18:1029(a)(4) - Possession of Device-Making
Equipment(2)
**Offense Level (Opening): Felony**

3 yrs probation, with conditions, $1000 fine, $200 special
assessment

Terminated:  none

Case Assigned to: Honorable Richard Seeborg

## U. S. Attorneys

Michelle J. Kane
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
U.S. Attorney's Office
1301 Clay Street Suite 340S
Oakland, CA 94612
USA
510-637-3680
Fax: 510-637-3724
Email: michelle.kane3@usdoj.gov

David Countryman
ATTORNEY TO BE NOTICED
US Attorney's Office
Criminal Division, Asset Forfeiture 450 Golden Gate Ave. 11th Floor
San Francisco, CA 94102
USA
415-436-7303
Fax: 415-436-6748

Email: david.countryman@usdoj.gov

| Date | # | Proceeding Text |
|---|---|---|
| 12/20/2013 | 1 | INFORMATION as to Brandon Huang (1) count(s) 1, 2. (Attachments: # 1 Criminal Cover Sheet) (mjj2S, COURT STAFF) (Filed on 12/20/2013) (Entered: 12/26/2013) |
| 12/20/2013 | | CASE DESIGNATED for Electronic Filing. (mjj2S, COURT STAFF) (Filed on 12/20/2013) (Entered: 12/26/2013) |
| 01/02/2014 | 2 | STIPULATION WITH PROPOSED ORDER SETTING CHANGE OF PLEA HEARING JANUARY 28, 2014. filed by USA. (Kane, Michelle) (Filed on 1/2/2014) (Entered: 01/02/2014) |
| 01/02/2014 | 3 | STIPULATION AND ORDER SETTING CHANGE OF PLEA HEARING. Change of Plea Hearing set for 1/28/2014 02:30 PM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg. Signed by Judge Hon. Richard Seeborg on 1/2/14. (cl, COURT STAFF) (Filed on 1/2/2014) (Entered: 01/02/2014) |
| 01/06/2014 | 4 | Letter from AUSA Michelle J. Kane as to Brandon Huang (Kane, Michelle) (Filed on 1/6/2014) (Entered: 01/06/2014) |
| 01/06/2014 | | Set/Reset Hearing Arraignment set for 1/28/2014 09:30 AM in Courtroom E, 15th Floor, San Francisco before Magistrate Judge Elizabeth D. Laporte. Initial Appearance set for 1/28/2014 09:30 AM in Courtroom E, 15th Floor, San Francisco before Magistrate Judge Elizabeth D. Laporte. (mjj2S, COURT STAFF) (Filed on 1/6/2014) (Entered: 01/07/2014) |
| 01/22/2014 | 5 | CLERKS NOTICE CONTINUING CHANGE OF PLEA. Change of Plea Hearing previously set for 1/28/14 has been rescheduled to 2/4/2014 02:30 PM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg. This is a text only entry. There is no document associated with this notice. (cl, COURT STAFF) (Filed on 1/22/2014) (Entered: 01/22/2014) |
| 01/22/2014 | | Set/Reset Hearing re 5 Clerks Notice, Arraignment set for 2/4/2014 09:30 AM in Courtroom B, 15th Floor, San Francisco before Magistrate Judge Maria-Elena James. Initial Appearance set for 2/4/2014 09:30 AM in Courtroom B, 15th Floor, San Francisco before Magistrate Judge Maria-Elena James. (rmm2S, COURT STAFF) (Filed on 1/22/2014) (Entered: 01/22/2014) |
| 02/04/2014 | 6 | Minute Entry for proceedings held before Judge Magistrate Judge Maria-Elena James:Initial Appearance as to Brandon Huang held on 2/4/2014, Added attorney Ginny Harjot Kaur Walia for Brandon Huang. Arraignment as to Brandon Huang (1) Count 1,2 held on 2/4/2014 ; not guilty plea entered. (Recording #FTR 10:06-10:09.) (rhw, COURT STAFF) (Filed on 2/4/2014) (Entered: 02/04/2014) |
| 02/04/2014 | 7 | PLEA AGREEMENT as to Brandon Huang (cl, COURT STAFF) (Filed on 2/4/2014) (Entered: 02/04/2014) |
| 02/04/2014 | 8 | Minute Entry for proceedings held before Judge Hon. Richard Seeborg:Change of Plea Hearing as to Brandon Huang held on 2/4/2014, Plea entered by Brandon Huang (1) Guilty Count 1,2. Sentencing set for 5/13/2014 02:30 PM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg. (Court Reporter Julie Ralston.) (rhw, COURT STAFF) (Filed on 2/4/2014) (Entered: 02/05/2014) |
| 04/24/2014 | 9 | STIPULATION WITH PROPOSED ORDER to continue sentencing date. (Walia, Ginny) (Filed on 4/24/2014) (Entered: 04/24/2014) |
| 04/24/2014 | 10 | STIPULATION AND ORDER TO CONTINUE SENTENCING HEARING. Sentencing previously set for 5/13/14 has been rescheduled to 6/10/2014 02:30 PM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg.Signed by Judge Hon. Richard Seeborg on 4/24/14. (cl, COURT STAFF) (Filed on 4/24/2014) (Entered: 04/24/2014) |
| 06/03/2014 | 12 | SENTENCING MEMORANDUM by Brandon Huang (Walia, Ginny) (Filed on 6/3/2014) (Entered: 06/03/2014) |
| 06/03/2014 | 13 | SENTENCING MEMORANDUM by USA as to Brandon Huang (Kane, Michelle) (Filed on 6/3/2014) (Entered: 06/03/2014) |
| 06/10/2014 | 16 | Minute Entry for proceedings held before Judge Hon. Richard Seeborg:Sentencing held on 6/10/2014 for Brandon Huang (1), Count(s) 1, 2: 3 yrs probation, with conditions, $1000 fine, $200 special assessment. (Court Reporter James Pence.) (rhw, COURT STAFF) (Filed on 6/10/2014) (Entered: 06/11/2014) |
| 06/11/2014 | 14 | JUDGMENT in a Criminal Case as to Brandon Huang. Signed by Judge Hon. Richard Seeborg on 6/11/14. (cl, COURT STAFF) (Filed on 6/11/2014) (Entered: 06/11/2014) |
| 06/11/2014 | 15 | Sealing Order - General Order 54 as to Brandon Huang. Signed by Judge Hon. Richard Seeborg on 6/11/14. (cl, COURT STAFF) (Filed on 6/11/2014) (Entered: 06/11/2014) |
| 06/12/2014 | 17 | AMENDED JUDGMENT in a Criminal Case as to Brandon Huang. Signed by Judge Hon. Richard Seeborg on 6/12/14. (cl, COURT STAFF) (Filed on 6/12/2014) (Entered: 06/12/2014) |
| 06/23/2014 | 18 | PAYMENT RECORD CARD : payment of Special Assessment in the amount of $200.00 paid on 6/11/14 on behalf of Brandon Huang (rhw, COURT STAFF) (Filed on 6/23/2014) (Entered: 06/23/2014) |

| 08/05/2014 | 19 | MOTION for Forfeiture of Property (Application of the United States for a Preliminary Order of Forfeiture) by USA as to Brandon Huang. (Attachments: # 1 Proposed Order)(Countryman, David) (Filed on 8/5/2014) (Entered: 08/05/2014) |
|---|---|---|
| 08/05/2014 | 20 | ORDER re 19 Motion for Forfeiture of Property as to Brandon Huang (1). Signed by Judge Hon. Richard Seeborg on 8/5/14. (cl, COURT STAFF) (Entered: 08/05/2014) |
| 09/05/2014 | 21 | Certificate of Service by USA as to Brandon Huang (Declaration of Publication) (Countryman, David) (Filed on 9/5/2014) (Entered: 09/05/2014) |
| 10/06/2014 | 22 | MOTION for Forfeiture of Property (Application of the United States for a Final Order of Forfeiture) by USA as to Brandon Huang. (Attachments: # 1 Proposed Order)(Countryman, David) (Filed on 10/6/2014) (Entered: 10/06/2014) |
| 10/06/2014 | 23 | ORDER granting 22 Motion for Forfeiture of Property as to Brandon Huang (1). Signed by Judge Hon. Richard Seeborg on 10/6/14. (cl, COURT STAFF) (Entered: 10/06/2014) |

Order documents from our nationwide document retrieval service.
- OR - Call **1.866.540.8818**.

Copyright © 2015 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

AO 245C (Rev. AO 09/11-CAN 06/14) Amended Judgment in Criminal Case
Sheet 1               Case3:13-cr-00820-RS   Document17   Filed06/12/14   Page1 of 6

# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Brandon Huang,<br>a/k/a "JimmyCow" | AMENDED JUDGMENT IN A CRIMINAL CASE<br><br>USDC Case Number:  CR-13-00820-001 RS<br>BOP Case Number:  DCAN313CR00820-001<br>USM Number:  19476-111<br>Defendant's Attorney:  Ginny H. K. Walia |

**Date of Original Judgment:** 6/11/2014
**(or Date of Last Amended Judgment)**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)
☑ Other: Modification to Include Order of Forfeiture

☐ Modification of Supervision Conditions (18 U.S.C. §§
☐ Modification of Imposed Term of Imprisonment for Extraordinary and
☐ Modification of Imposed Term of Imprisonment for Retroactive
☐ Direct Motion to District Court Pursuant
☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

☑ pleaded guilty to count(s): One and Two of the Information
☐ pleaded nolo contendere to count(s): _____ which was accepted by the court.
☐ was found guilty on count(s): _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1029(a)(3) | Possession of Unauthorized Access Devices | 6/26/2012 | 1 |
| 18 U.S.C. § 1029(a)(4) | Possession of Device-Making Equipment | 6/26/2012 | 2 |
| | | | |
| | | | |

The defendant is sentenced as provided in pages 2 through _6_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s): _____
☐ Count(s) _____ is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/10/2014
Date of Imposition of Judgment

Signature of Judge
The Honorable Richard Seeborg
United States District Judge
Name & Title of Judge

6/12/14
Date

AO 245C (Rev.'AO 09/11-CAN 11/13) Amended Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT: Brandon Huang | Judgment - Page 2 of 6 |
| CASE NUMBER: CR-13-00820-001 RS | |

## PROBATION

The defendant is hereby sentenced to probation for a term of: <u>three years. This term consists of terms of three years on each of Counts One and Two, all such terms to run concurrently.</u>

The defendant shall not commit another federal, state or local crime.   .

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if*

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

## STANDARD CONDITIONS OF SUPERVISION

1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;
2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)    The defendant shall support his or her dependents and meet other family responsibilities;
5)    The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. AO 09/11-CAN 11/13) Amended Judgment in Criminal Case

DEFENDANT: Brandon Huang                                               Judgment - Page 3 of 6
CASE NUMBER: CR-13-00820-001 RS

## SPECIAL CONDITIONS OF SUPERVISION

1.     The defendant shall perform 100 hours of community service as directed by the probation officer.

2.     The defendant shall pay any special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of probation.

3.     The defendant shall provide the probation officer with access to any financial information, including tax returns, and shall authorize the probation officer to conduct credit checks and obtain copies of income tax returns.

4.     The defendant shall participate in vocational training as directed by the Probation Officer.

5.     The defendant shall submit his person, residence, office, vehicle, or any other property under his control to a search. Such a search shall be conducted by a United States Probation Officer, or any other federal, state, or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

6.     The defendant shall cooperate in the collection of DNA as directed by the probation officer.

7.     The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

AO 245C (Rev: AO 09/11-CAN 11/13) Amended Judgment in Criminal Case

| DEFENDANT: Brandon Huang | Judgment - Page 4 of 6 |
| --- | --- |
| CASE NUMBER: CR-13-00820-001 RS | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | Assessment | Fine | Restitution |
| --- | --- | --- | --- |
| **TOTALS** | $ 200.00 | $ 1,000.00 | None |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
| --- | --- | --- | --- |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $   0.00 | $   0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the fine/restitution.

☐ the interest requirement is waived for the fine/restitution is modified as follows:

_____

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. AO 09/11-CAN 11/13) Amended Judgment in Criminal Case

| DEFENDANT: Brandon Huang | Judgment - Page 5 of 6 |
|---|---|
| CASE NUMBER: CR-13-00820-001 RS | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows*:

**A** ☑ Lump sum payment of ____$1,200.00_____ due immediately, balance due

     ☐ not later than _____ , or
     ☑ in accordance with   ☐ C,   ☐ D, or   ☐ E, and/or   ☑ F below); or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,   ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
**Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s): _____

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

     a) One black Apevia desktop computer

     b) Twenty white, blank cards

     c) Fifteen miscellaneous debit and gift cards

     d) One Epson Printer

     e) One white iPhone model no. A1303

---

* Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245C (Rev.* AO 09/11-CAN 11/13) Amended Judgment in Criminal Case

| DEFENDANT: Brandon Huang | Judgment - Page 6 of 6 |
|---|---|
| CASE NUMBER: CR-13-00820-001 RS | |

      f)   One white iPhone model no. A1349

      g)   Two envelopes labeled "Jimmy Cow" containing blank cards

      h)   One black MSR605 card reader-writer-encoder

      i)   Miscellaneous Documents, including user names and passwords

      j)   Two PVC card cutters

      k)   One Sony Vaio laptop computer, serial no. C100DK7B


☐   The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**

1    MELINDA HAAG (CABN 132612)
2    United States Attorney

3    J. DOUGLAS WILSON (DCBN 412811)
     Chief, Criminal Division
4
     MICHELLE J. KANE (CABN 210579)
5    Assistant United States Attorney

6        1301 Clay Street, Suite 340S
         Oakland, California 94612
7        Telephone: (510) 637-3680
         FAX: (510) 637-3724
8        michelle.kane3@usdoj.gov

9    Attorneys for United States of America

10                     UNITED STATES DISTRICT COURT
11                   NORTHERN DISTRICT OF CALIFORNIA
12                       SAN FRANCISCO DIVISION
13

14   UNITED STATES OF AMERICA,              )    NO. CR 13-00820 RS
                                            )
15        Plaintiff,                        )    UNITED STATES' SENTENCING
                                            )    MEMORANDUM
16        v.                                )
                                            )    Date: June 10, 2014
17   BRANDON HUANG,                         )    Time: 2:30 p.m.
                                            )    Courtroom: No. 3, 17th Floor
18        Defendant.                        )
                                            )
19

20          Pursuant to Criminal Local Rule 32-5(b), the United States respectfully submits its sentencing

21   memorandum concerning defendant Brandon Huang. Defendant pleaded guilty to one count of

22   possession of fifteen or more unauthorized access devices (18 U.S.C. § 1029(a)(3)) and one count of

23   possession of device-making equipment (18 U.S.C. § 1029(a)(4)), pursuant to a written Plea Agreement.

24   The Court accepted the Agreement, which was entered pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (B).

25          Sentencing in this matter is scheduled to take place on June 10, 2014, at 2:30 p.m. The

26   government submits this memorandum in order to discuss the applicable Sentencing Guidelines

27   ("Guidelines") calculations and to advise the Court of its sentencing recommendation, taking into

28   account the other sentencing factors in 18 U.S.C. § 3553(a).

     CR 13-00820 RS
     GOVT SENTENCING MEMO.

1   The government recommends that, consistent with the Plea Agreement and the Guidelines, the

2   Court impose a sentence of three years of probation with 100 hours of community service, a fine of

3   $1,000, forfeiture of the items listed at Paragraph 11 of the Plea Agreement, and a $200 special

4   assessment.

5                                          **BACKGROUND**

6       On February 4, 2014, defendant waived his right to a grand jury indictment and pleaded guilty to

7   both counts of an Information. In the written Plea Agreement, he admitted that, from August 2010

8   through June 2012, he was a member of the "carding" forum, www.carderprofit.cc. "Carding" refers to

9   the trade in compromised or stolen credit card numbers and associated information. The site enabled

10  users to discuss various topics related to carding and to buy, sell, and exchange goods and services

11  related to carding, among other things. Access to www.carderprofit.cc was limited to registered

12  members and required a username and password to gain entry. Defendant admitted that his username on

13  www.carderprofit.cc was "JimmyCow," which he registered with the e-mail address

14  "fandangobuyer@yahoo.com."

15      Defendant admitted that he used his account on www.carderprofit.cc to sell credit card account

16  information that he knew was unauthorized and belonged to other people.[1] He obtained the credit card

17  account information from other online carding websites. The information defendant admitted selling

18  included account numbers, verification codes, expiration dates, names, addresses, and phone numbers.

19  On or about June 26, 2012, he possessed at least fifteen such unauthorized credit card account records.

20  Defendant admitted that he purchased a magnetic stripe reader-writer-encoder, which allowed him to

21  encode the unauthorized credit card account information on to blank cards for my own use. Defendant

22  possessed the equipment on or about June 26, 2012.

23      Defendant admitted that he accepted payment for the credit card account information using the

24  digital currency "Liberty Reserve." Between August 2010 and the end of June 2012, he earned

25  approximately $9,000 in Liberty Reserve dollars, which equates to $9,000 U.S. dollars, selling

26  unauthorized credit card numbers.

27

---

28   [1] Defendant also admitted to using www.carderprofit.cc to discuss and advertise false
identification documents.

CR 13-00820 RS
GOVT SENTENCING MEMO

2

## PLEA AGREEMENT AND SENTENCING GUIDELINES CALCULATION

The parties entered into a plea agreement that included the following calculation:

| | U.S.S.G. Section | Level/Points |
|---|---|---|
| Base offense level: (18 U.S.C. § 1029(a)(4)) | 2B1.1(a)(2) | 6 |
| Specific offense characteristics: | | |
| Offense involved possession or use of device-making equipment and production of unauthorized access devices | 2B1.1(b)(2)(A)(i) and(B)(i) | +2 |
| Adjusted offense level | | 8 |
| Base offense level: (18 U.S.C. § 1029(a)(3)) | 2B1.1(a)(2) | 6 |
| Specific offense characteristics: | 2B1.1(b)(1) | |
| Loss amount more than $5,000 | | +2 |
| Offense involved possession or use of device-making equipment and production of unauthorized access devices | 2B1.1(b)(2)(A)(i) and(B)(i) | +2 |
| Adjusted offense level | | 10 |
| Offense level after grouping | 3D1.1, 3D1.2(d) | 10 |
| Acceptance of responsibility: | 3E1.1 | -2 |
| If I meet the requirements of U.S.S.G.§ 3E1.1, I may be entitled to a two-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing. | | |
| Total offense level | | 8 |

The defendant also agreed to forfeit a list of items that the FBI seized during the execution of a search warrant at defendant's home. The parties had no agreement regarding defendant's criminal history. The PSR concluded that defendant is in Criminal History Category I. (PSR ¶ 44). The government has no objection to that determination. As discussed below, the PSR contains a different Guidelines calculation than the plea agreement based on a significantly higher intended loss. (PSR ¶ 32).

CR 13-00820 RS
GOVT SENTENCING MEMO

1  Defendant's Criminal History Category and the offense level in the Plea Agreement result in a

2  Guidelines range of 0-6 months in Zone A. The calculations in the PSR result in a Guidelines range of

3  46-57 months in Zone D.

<strong>GOVERNMENT'S SENTENCING RECOMMENDATIONS</strong>

5  **A. Guidelines Offense Level – Loss Amount**

6      In accordance with the Plea Agreement, the government recommends a sentence of three years

7  of probation, which satisfies the requirements of the Guidelines. *See* U.S.S.G. § 5C1.1(a), (b). Because

8  the charged offenses correspond to U.S.S.G. § 2B1.1, the 0-6 month range in the Plea Agreement is

9  based largely on the parties' reasonable estimate of the loss resulting from defendant's conduct. The

10  parties used defendant's gain, approximately $9,000, as a substitute for loss, because defendant's trade

11  in stolen credit card numbers undoubtedly resulted in a loss, but in this case, it could not be reasonably

12  determined. *See* U.S.S.G. § 2B1.1, n. 3(B).

13      As noted in the PSR, defendant had 8,899 unauthorized credit card records on his computer, in

14  addition to other account records. (PSR § 20). These records meet the definition of "access device" in 18

15  U.S.C. § 1029(e)(1). The government found no evidence, however, that defendant used the unauthorized

16  access devices himself (with the exception of one purchase of less than $50, discussed below) or

17  obtained them through his own hacking of businesses or individuals. Instead, the evidence on

18  defendant's computer was consistent with the communications defendant made through the

19  www.carderprofit.cc website – he was reselling access devices he had purchased on other carding sites.

20  Defendant sold the access devices in small amounts (PSR § 22), in contrast to the "dumps" of thousands

21  or even millions of records that often arise in government investigations of carding forums.

22      With regard to the access device-making equipment, the government also has no evidence that

23  defendant used the equipment to make significant numbers of counterfeit credit cards. Although

24  defendant possessed a magnetic stripe reader-writer-encoder and blank cardstock, it appears that

25  defendant was able to successfully encode only one card, which he used to purchase a "light saber" toy

26  for less than $50. Given these unique circumstances, the $500 per access device intended loss of

27  U.S.S.G. § 2B1.1 n.3(F)(1), which would result in a loss amount over $4.4 million, is not a reasonable

28

CR 13-00820 RS
GOVT SENTENCING MEMO

4

estimate of the actual or intended loss in this case. The government therefore stands by the Guidelines offense level in the Plea Agreement and accordingly recommends a sentence of three years of probation. The government also recommends that defendant complete 100 hours of community service as a condition of his probation. This condition is appropriate because defendant works only part time and is not attending school. (PSR ¶¶ 57-59).

**B. Fine**

Pursuant to the Guidelines calculation in the Plea Agreement, defendant is subject to a fine of $1,000-10,000. The PSR puts the defendant in the fine range of $10,000-$100,000 but concludes that defendant has no ability to pay a fine. (PSR ¶ 61). The PSR states, however, that defendant has verified part time employment. (PSR ¶ 59). On an appropriate payment plan, defendant should be able to pay a low-end fine of $1,000. This is particularly true given that there will likely be no restitution award.

**C. Restitution**

Although the parties have agreed that there was a pecuniary loss in this case, the government has been unable to identify any victims for purposes of restitution. *See* 18 U.S.C. § 3663. Therefore, the government agrees with the recommendation of the PSR that the Court not award any restitution.

**D. Sentencing Considerations**

The government submits that its recommended sentence will be sufficient, but not greater than necessary, to address the factors set forth in Section 3553(a). As established in *United States v. Booker*, 543 U.S. 220, 220 (2005), the Sentencing Guidelines are no longer mandatory, only advisory. Nonetheless, sentencing proceedings are to begin by determining the applicable Guidelines range. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). In this sense, the guidelines are "the 'starting point and the initial benchmark,'" *Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)), and "are to be kept in mind throughout the process." *Gall*, 552 U.S. at 50 n.6.

Sentencing courts must consider, in addition to the Guidelines, the factors set forth in 18 U.S.C. § 3553(a). These factors include the need for the sentence to reflect the seriousness of the offense and the history of the defendant, afford adequate deterrence, protect the public from further criminal conduct

1  by the defendant, and avoid sentencing disparities among similarly situated defendants. Because of that,

2  it is "procedural error" if the district court fails to calculate – or calculates incorrectly – the applicable

3  Guidelines range; treats the guidelines as mandatory instead of advisory; fails to consider the § 3553(a)

4  factors; chooses a sentence based on clearly erroneous facts; or fails adequately to explain the sentence

5  selected, including any deviation from the Guidelines range. *See Carty*, 520 F.3d at 993. To determine

6  the substantive reasonableness of a sentence, courts examine "the totality of circumstances." *Id.* If a

7  sentence is within the Guidelines range, "it is probable that it is reasonable*." Rita v. United States*, 551

8  U.S. 338, 351 (2007).

9      **1. Nature and Circumstances of the Offense and the History and Characteristics of
         the Defendant.**

10

11      Defendant began his foray into online credit card fraud at a young age. His interview and the

12  evidence collected by the FBI demonstrate that by the time of his arrest at age 19 he was dabbling in

13  various facets of "carding." In addition to the charged offenses, defendant had unsuccessfully tried to

14  steal credit card information himself, had discussed false identification documents, and had explored

15  various online scams. (PSR ¶ 21). Defendant's reselling unauthorized access devices was, however, his

16  only demonstrably profitable carding activity at that point.

17      Immediately upon being confronted by the FBI agents executing the search warrant, defendant

18  agreed to speak with the agents and gave truthful information regarding his activities. He assisted the

19  agents in searching his computers and provided access to his online accounts. Defendant has minimal

20  criminal history and has not gotten into further trouble since the June 2012 search warrant. He agreed to

21  forfeit the equipment he purchased with the proceeds of the offense. Defendant waived his right to a

22  grand jury indictment, saving the government a significant expenditure of time and resources. Taking all

23  these facts into account, the government's recommendation for a sentence of probation adequately

24  accounts for the requirements of 18 U.S.C. § 3553(a)(1).

25  //

26

27

28

**2. The Need For The Sentence To Reflect The Seriousness Of The Offense, To Promote Respect For The Law, To Protect The Public, And To Provide Just Punishment And Deterrence.**

Carding is a serious offense that creates enormous losses for individuals and companies. Defendant's sentence should reflect that he was part of this growing worldwide crime wave. *See* 18 U.S.C. § 3553(a)(2)(A). Moreover, the Court should craft his sentence to deter others, particularly other young people with computer skills, who might think that carding represents a victimless crime and easy profits. *See* 18 U.S.C. § 3553(a)(2)(B). Based on defendant's minimal involvement and the minimal demonstrable losses in his case, a sentence of probation would satisfy these sentencing goals, when balanced with the other factors laid out in 18 U.S.C. § 3553(a).

## CONCLUSION

In full consideration of the defendant's history and characteristics, together with the other goals of sentencing as described in 18 U.S.C. § 3553(a), the government respectfully requests that the Court sentence defendant, consistent with the Plea Agreement and the Guidelines, to a sentence of three years of probation with a condition that he complete 100 hours of community service, a fine of $1,000, forfeiture as stated in the Plea Agreement, and a $200 special assessment.

Dated: June 3, 2014                                    Respectfully submitted,

                                                       MELINDA HAAG
                                                       United States Attorney


                                                       _____/s/_____
                                                       MICHELLE J. KANE
                                                       Assistant United States Attorney

CR 13-00820 RS
GOVT SENTENCING MEMO

7