AMENDMENTS TO THE SENTENCING GUIDELINES

Pursuant to section 994(p) of title 28, United States Code, the United States Sentencing Commission hereby submits to the Congress the following amendments to the sentencing guidelines and the reasons therefor. As authorized by such section, the Commission specifies an effective date of November 1, 2015, for these amendments.

Amendments to the Sentencing Guidelines,
Policy Statements, and Official Commentary

1. Amendment: Section 1B1.3(a)(1)(B) is amended by striking "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity," and inserting the following:

   "    all acts and omissions of others that were—

   (i) within the scope of the jointly undertaken criminal activity,

   (ii) in furtherance of that criminal activity, and

   (iii) reasonably foreseeable in connection with that criminal activity;".

   The Commentary to §1B1.3 captioned "Application Notes" is amended by striking Note 2 as follows:

   "2. A 'jointly undertaken criminal activity' is a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy.

   In the case of a jointly undertaken criminal activity, subsection (a)(1)(B) provides that a defendant is accountable for the conduct (acts and omissions) of others that was both:

   (A) in furtherance of the jointly undertaken criminal activity; and

   (B) reasonably foreseeable in connection with that criminal activity.

   Because a count may be worded broadly and include the conduct of many participants over a period of time, the scope of the criminal activity jointly undertaken by the defendant (the 'jointly undertaken criminal activity') is not necessarily the same as the scope of the entire conspiracy, and hence relevant conduct is not necessarily the same for every participant. In order to determine

substantial financial harm receives increased punishment, while also lessening the cumulative impact of loss and the number of victims, particularly in high-loss cases.

### Intended Loss

Second, the amendment revises the commentary at §2B1.1, Application Note 3(A)(ii), which has defined intended loss as "pecuniary harm that was intended to result from the offense." In interpreting this provision, courts have expressed some disagreement as to whether a subjective or an objective inquiry is required. Compare United States v. Manatau, 647 F.3d 1048 (10th Cir. 2011) (holding that a subjective inquiry is required), United States v. Diallo, 710 F.3d 147, 151 (3d Cir. 2013) ("To make this determination, we look to the defendant's subjective expectation, not to the risk of loss to which he may have exposed his victims."), United States v. Confredo, 528 F.3d 143, 152 (2d Cir. 2008) (remanding for consideration of whether defendant had "proven a subjective intent to cause a loss of less than the aggregate amount" of fraudulent loans), and United States v. Sanders, 343 F.3d 511, 527 (5th Cir. 2003) ("our case law requires the government prove by a preponderance of the evidence that the defendant had the subjective intent to cause the loss that is used to calculate his offense level"), with United States v. Innarelli, 524 F.3d 286, 291 (1st Cir. 2008) ("we focus our loss inquiry for purposes of determining a defendant's offense level on the objectively reasonable expectation of a person in his position at the time he perpetrated the fraud, not on his subjective intentions or hopes") and United States v. Lane, 323 F.3d 568, 590 (7th Cir. 2003) ("The determination of intended loss under the Sentencing Guidelines therefore focuses on the conduct of the defendant and the objective financial risk to victims caused by that conduct").

The amendment adopts the approach taken by the Tenth Circuit by revising the commentary in Application Note 3(A)(ii) to provide that intended loss means the pecuniary harm that "the defendant purposely sought to inflict." The amendment reflects the Commission's continued belief that intended loss is an important factor in economic crime offenses, but also recognizes that sentencing enhancements predicated on intended loss, rather than losses that have actually accrued, should focus more specifically on the defendant's culpability.

### Sophisticated Means

Third, the amendment narrows the focus of the specific offense characteristic at §2B1.1(b)(10)(C) to cases in which the defendant intentionally engaged in or caused conduct constituting sophisticated means. Prior to the amendment, the enhancement applied if "the offense otherwise involved sophisticated means." Based on this language, courts had applied this enhancement on the basis of the sophistication of the overall scheme without a determination of whether the defendant's own conduct was "sophisticated." See, e.g., United States v. Green, 648 F.3d 569, 576 (7th Cir. 2011);