UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____
                                 )
UNITED STATES OF AMERICA   )
                                 )
      v.                          )       CASE NO. 12CR00144-1-PB
                                 )       CASE NO. 14CR00081-1-PB
HIEU MINH NGO                 )
_____)

## SUPPLEMENTAL SENTENCING MEMORANDUM
## AND REQUEST FOR DOWNWARD VARIANCE

Hieu Minh Ngo ("Mr. Ngo") respectfully submits this supplemental memorandum of law for the Court's consideration in connection with his sentencing on June 15, 2015 and his motion for a downward variance.

## THE GOVERNMENT CANNOT ESTABLISH
## THE $145 M LOSS AMOUNT BY A PREPONDERANCE OF THE EVIDENCE

The factual and legal arguments set forth in the Government's Consolidated Sentencing Memorandum and Response to Defendant's Sentencing Memorandum and Motion For Departure/Variance ("Gov. Sent. Mem.") fail to establish a loss amount of $145,901,242 by a preponderance of the evidence. As previously briefed for the Court, the Government's loss figure of $145,901,242 is the sum of (1) an "intended loss" of $64,737,742 that the Government claims is the amount of fraudulent tax return filings traceable to 13,673 of the 176,000 fullz allegedly possessed by Mr. Ngo; and (2) a "presumed loss" of $81,163,500 associated with the remaining 162,327 fullz -- each of which is attributed a loss of $500 per USSG §2B1.1, comment. (n.3). Mr. Ngo submits that the Government cannot establish either amount by a preponderance of the evidence.

A. **The Government Cannot Establish That Fullz Sold By Mr. Ngo Were Used in the Fraudulent Tax Filings**

With respect to the $64,737,742 "intended loss" figure, the Government concedes that it cannot prove that the 13,673 fraudulent tax returns used to support this figure came from Mr. Ngo. See Gov. Sent. Mem. at 11 (ECF No. 18) (Although [the Government] cannot prove with certainty that the fullz came from Ngo, we can make a reasonable estimation that Ngo was the source of the 13,637 fullz"). The Government always "bears the burden of proving by a preponderance of the evidence that the facts support a sentencing matter, and 'the defendant does not have to prove the negative to avoid the enhanced sentence.'" U.S. v. Diallo, 710 F. 3d 147, 151 (3d Cir. 2013) (citing U.S. v. Evans, 155 F. 3rd 245, 253 (3d Cir. 1998)). While a "reasonable estimation" of loss can suffice to meet the Government's burden, the estimation must be supported by evidence. U.S. v. Alli, 444 F.3d 34, (1st Cir. 2006); U.S. v. Sharapka, 526 F.3d 58, (1st Cir. 2008) (finding an enhancement warranted only after the government produced a verified report listing the victims' specific loss amounts).

Just because Mr. Ngo possessed fullz in the names of the people who had false tax returns filed does not necessarily mean that the false returns were filed by people who purchased the fullz from Mr. Ngo. Mr. Ngo was not the only source of the fullz that the IRS apparently has traced to $64,737,742 in fraudulent tax filings. Mr. Ngo purchased the fullz he sold to others after he obtained them on the open black market -- from an individual named "Devil" -- who, there is every reason to believe, provided this same information to myriad other individuals. There could also be any number of other unknown sources of the misappropriated personal identification information that made it into fraudulent tax filings that are wholly unrelated to Mr. Ngo. In light of the uncertainty as to the source of the personal identification information used for the 13,673 fraudulent tax filings identified by the IRS, Mr. Ngo submits that the Government cannot establish an "intended loss" amount of $64,737,742 by a preponderance of the evidence.

### B. The Government Cannot Establish the Usability of the 162,327 Fullz Used in the "Presumed Loss" Calculation

Nor can the Government establish a "presumed loss" amount of $81,163,500 by a preponderance of the evidence. In cases involving the possession or theft of unauthorized access devices, the Government must prove by a preponderance of the evidence that the unauthorized access devices are *usable* to warrant a sentencing enhancement. U.S. v. Onyesoh, 674 F.3d 1157, 1159-60 (9th Cir. 2012) (holding that the government must prove the usability of the unauthorized access devices by a preponderance of the evidence to warrant a sentencing enhancement).

The Government cannot establish that the 162,327 fullz used to calculate the $81,163,500 "presumed loss" amount by way of the $500 per access device special rule were actually usable. As noted in Mr. Ngo's objections to the initial Presentence Investigation Report (ECF No. 37-4), in many instances the personal identifying information ("PII") that Mr. Ngo sold to others did not relate to an actual person, or it related to an actual person but was otherwise false PII. See Mr. Ngo's Feb. 23, 2015 letter to U.S. Probation Officer Sean Buckley setting forth objections to the initial Presentence Investigation Report, at p. 2. In other words, it was "bogus" PII that was not usable for any purpose.

"[W]hen the defendant does not concede [usability] or when the defendant challenges the enhancement," the Government must demonstrate some evidence of usability before the Special Rule applies. Onyesoh, 674 F.3d at 1160. In U.S. v. Onyesoh, the defendant appealed his 46-month sentence after the district court applied a sentencing enhancement for 500 expired credit cards without any evidence of the usability of the cards. Id. The Ninth Circuit vacated and remanded the defendant's sentence, holding that "evidence of usability is required" and the government had to demonstrate "the usability of the expired credit card numbers by a preponderance of the evidence." Id. The court noted that the government could have established

3

usability through expert testimony, and the lack of any evidence regarding usability was fatal to the Government's loss calculation.  Id.

In light of the fact that an unknown number of the fullz sold by Mr. Ngo were bogus and, therefore, unusable, the Government cannot establish a "presumed loss" of $81,163,500 by a preponderance of the evidence.

## **CONCLUSION**

Because the Government is unable to prove either the intended loss amount of $64,737,742, or the presumed loss amount of $81,163,500, it is respectfully submitted that the Court should use the gain to Mr. Ngo ($400,000) for purposes of determining the appropriate advisory guideline range.

> Respectfully submitted,
>
> HIEU MINH NGO
>
> By his attorneys,
>
> /s/ Michael J. Connolly_____
> Michael J. Connolly
> HINCKLEY, ALLEN & SNYDER LLP
> 11 South Main Street, Suite 400
> Concord, NH 03301-4846
> (603) 225-4334 (phone)
> (603) 224-8350 (fax)
> mconnolly@haslaw.com

# CERTIFICATE OF SERVICE

       I hereby certify that on June 15, 2015, a copy of the foregoing Sentencing Memorandum and Motion for Downward Variance was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Michael J. Connolly
Michael J. Connolly
Hinckley Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000 (phone)
(617) 345-9020 (fax)
mconnolly@haslaw.com