UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-cr-144-PB |
| | ) | 1:14-cr-081-PB |
| HIEU MINH NGO | ) | |
| | ) | |

**JOINT RECOMMENDATION REGARDING THE APPLICATION OF
THE UNITED STATES SENTENCING GUIDELINES**

The defendant and the government jointly recommend that the Court accept and apply, at the sentencing hearing in the above referenced consolidated cases, the United States Sentencing Guideline (USSG) applications set forth below, all of which, except the loss in paragraph (3), are consistent with the Revised Presentence Investigation Report:

(1) The November 1, 2014 edition of the USSG apply to these consolidated cases;

(2) Pursuant to USSG §2B1.1(a)(1), the base offense level should be 7;

(3) Pursuant to USSG §2B1.1(b)(1)(M), 24 levels should be added because the loss, for guideline sentencing purposes in these consolidated cases (based on the evidence available presently), is not less than $65,000,000 but is not more than $100,000,000;[1]

(4) Pursuant to USSG §2B1.1(b)(2)(C), 6 levels should be added because there are more than 250 victims;

(5) Pursuant to USSG §§2B1.1(b)(10)(B) & (C), 2 levels should be added because a substantial part of the fraudulent scheme was conducted outside of the United States and the offenses otherwise involved sophisticated means;

---

[1] At the time of sentencing, the defendant will waive on the record any arguments, including those raised prior to and at the hearing of June 16, 2015, that the Court should find the loss in these consolidated cases to be less than $65,000,000, and the government will waive any arguments, including any raised at the hearing of June 16, 2015, that the Court should find the loss in these consolidated cases to be more than $100,000,000.

(6) Pursuant to USSG § 2B1.1(b)(11)(B)(1), 2 levels should be added because the offenses involved trafficking of unauthorized access devices;

(7) Pursuant to USSG §2B1.1(b)(17), 2 levels should be added because the defendant was convicted of offenses under 18 U.S.C. §1030 and the offenses involved an intent to obtain personal information;

(8) The resulting Adjusted Offense Level should be 43;

(9) Pursuant to USSG §§ 3E1.1(a) & (b), the Adjusted Offense Level should be reduced by 3 levels because the defendant has clearly demonstrated acceptance of responsibility, and the defendant has assisted authorities by timely notifying authorities of his intention to enter guilty pleas.

(10) The Total Offense Level should be 40;

(11) The defendant's Criminal History Category should be I;

(12) The resulting advisory sentencing guideline range should be 292 to 365 months.

The parties are free to argue any departure and/or variance Motions at the time of sentencing.

WHEREFORE the parties respectfully request that the Court adopt the joint recommendation set forth above and find the advisory sentencing guideline range to be 292 to 365 months.

| July 1, 2015 | /s/ Michael J. Connolly |
|---|---|
| | Michael J. Connolly, Esq. |
| | Attorney for Hieu Minh Ngo |
| | Hinckley, Allen & Snyder LLP |
| | 11 South Main Street, Suite 400 |
| | Concord, NH 03301-4846 |
| | (603) 225-4334 |
| | mconnolly@haslaw.com |

| July 1, 2015 | Donald Feith |
|---|---|
| | Acting United States Attorney |
| | |
| By: | /s/ Arnold H. Huftalen |
| | Arnold H. Huftalen |
| | Assistant U.S. Attorney |
| | NH Bar # 1215 |
| | 53 Pleasant St., 4th Floor |
| | Concord, NH 03301 |
| | arnold.huftalen@usdoj.gov |
| | (603) 225-1552 |

Certification of Assent and Service

I certify that the defendant, through counsel, assents to and has authorized the filing of this Joint Recommendation Regarding the Application of the United States Sentencing Guidelines, and that a copy of this pleading has been served on all counsel of record this date via ECF filing notice, and that a copy has been served upon the United States Probation Officer handling this case via pdf email attachment.

/s/ Arnold H. Huftalen
Assistant U.S. Attorney